**DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**PENNSYLVANIA STATE CORRECTIONS OFFICERS ASSOCIATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2003.

Decided Oct. 9, 2003.

Reargument En Banc Denied Dec. 5, 2003.

---

Keith A. Herbster, Harrisburg, for petitioner.

Marc L. Gelman, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Department of Corrections (Department) appeals from an arbitration award (Award) ordering the Department to compensate Jesse Rush (Grievant), a member of the Pennsylvania State Corrections Officers Association (Union), holiday pay while he was on other paid leave under the Heart and Lung Act (Heart and Lung Act).[1]

Grievant is a full-time corrections officer with the Department at the State Correctional Institution at Rockview. As a result of a work-related injury, Grievant was unable to attend work from December 6, 2001 through February 2, 2002, and he received benefits under the Heart and Lung Act for his temporary disability. Under the Heart and Lung Act, Grievant continued to receive a bi-weekly paycheck, all scheduled pay raises and increments, his medical, health and life insurance, and he continued to accrue leave and seniority. While Grievant was absent from work, Christmas Day, New Year's Day and Martin Luther King, Jr.'s Birthday were all observed, but he was not compensated as if he had been working on those holidays.[2]

The Union filed a grievance under the Public Employe Relations Act (Act 195)[3] alleging that while Grievant received his full rate of salary under the Heart and Lung Act, the Department did not pay him for the holidays that occurred during his leave as required by Article 9, Section 2 of the Collective Bargaining Agreement be-

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638. Section 1(a) of the Heart and Lung Act provides, in pertinent part:

 [C]orrection officers employed by the [Department] of Corrections, whose principal duty is the care, custody and control of inmates ... who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties ... shall be paid by the Commonwealth of Pennsylvania ... his full rate of salary, as fixed by ordinance or resolu-

tion, until the disability arising therefrom has ceased.

53 P.S. § 637(a). "Full rate of salary" is the employee's gross salary without deductions. *City of Philadelphia v. Fraternal Order of Police,* 723 A.2d 747 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 560 Pa. 751, 747 A.2d 372 (1999).

2. Those holidays are listed in Article 9, Section 1 of the Agreement as paid holidays.

3. Act of July 23, 1970, P.L. 195, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

tween the Department and Union (CBA or Agreement). It provides as follows:

A permanent full-time employee shall be paid for any holiday listed in Section 1 of this Article, provided the employee was scheduled to work on that day and if the employee was in an active pay status on the last half of the employee's scheduled work day immediately prior and the first half of the employee's scheduled work day immediately subsequent thereto.

If a holiday is observed while a permanent full-time employee is on sick leave, combined or other paid leave status, the employee will receive holiday pay and the day will not be charged against sick, combined or other paid leave credits.

The Union contended that because compensation for work-related injuries under the Heart and Lung Act constitutes "other paid leave" status, Grievant was entitled to receive holiday pay for those holidays that occurred during the period he was receiving Heart and Lung benefits. The Department contended that because Heart and Lung benefits are not "paid leave" but are statutorily-defined benefits designed to compensate an employee while he is temporarily disabled due to a work-related injury, Grievant was not entitled to be paid for those holidays. Moreover, because under the Heart and Lung Act the Department could never "charge" the holidays against Heart and Lung benefits, the Department contended that an employee receiving Heart and Lung benefits is not on "other paid leave" as that term is used within Article 9, Section 2 of the CBA.

The Arbitrator found that receiving Heart and Lung benefits constituted "other paid leave" as that phrase was used in the CBA. In so finding, the Arbitrator held that under Article 9, Section 2 of the CBA, Grievant was entitled to eight hours of pay for each holiday that occurred during the

period he was absent from work, in addition to his full wages that he was receiving under the Heart and Lung Act.

The Department appealed to this Court contending that the Arbitrator's Award was not rationally derived from the Agreement because Heart and Lung benefits do not constitute "other paid leave" as provided in the CBA. Because benefits under the Heart and Lung Act cannot be "other paid leave," the Department argues that it could not "charge" the holidays against Grievant's benefits under the Heart and Lung Act.

 Our review of a grievance arbitration award under Act 195 is the "essence test." In *State System of Higher Education (Cheyney University) v. State College and University Professional Association (PSEA–NEA)*, 560 Pa. 135, 743 A.2d 405 (1999), our Supreme Court stated that in applying the essence test to determine if an arbitrator's award could be rationally derived from the collective bargaining agreement:

[A] reviewing court will apply a two-prong analysis. First, the court shall determine if the issue as properly defined is within the terms of the collective bargaining agreement. Second, if the issue is embraced by the agreement, and thus, appropriately before the arbitrator, the arbitrator's award will be upheld if the arbitrator's interpretation can rationally be derived from the collective bargaining agreement. That is to say, a court will only vacate an arbitrator's award where the award indisputably and genuinely is without foundation in, or fails to logically flow from, the collective bargaining agreement.

*Id.* at 150, 743 A.2d at 413. Applying the *Cheyney* two-prong standard to this case, because no one disputes that the issue of Grievant's holiday pay was properly before

the Arbitrator, only the second prong is at issue, i.e., whether the Arbitrator's interpretation that an employee receiving Heart and Lung benefits is "other paid leave" can be rationally derived from the CBA.

While the Department argues that its interpretation of the language of Section 2, Article 9 of the CBA is the only one that can be given to this provision, any term that is modified by the term "other," such as in "other paid leave," requires by definition an interpretation of what is "other." In finding that Heart and Lung benefits constituted "other paid leave," the Arbitrator reasoned that those benefits were comparable to "sick leave" because, in both instances, the person was temporarily absent from work and receiving compensation. Because that interpretation is rationally derived from the CBA, in this case, we must uphold the Award.

### ORDER

AND NOW, this *9th* day of *October,* 2003, the Arbitration Award dated February 14, 2003, is affirmed.